Adam B. Nach – 013622
**LANE & NACH, P.C.**
2001 E. Campbell Avenue, Suite 103
Phoenix, AZ 85016
Telephone No.: (602) 258-6000
Facsimile No.: (602) 258-6003
Email: adam.nach@lane-nach.com
Email: krystie.reeves@lane-nach.com

*Attorneys for Lynton L. Kotzin, Chapter 7 Trustee/Plaintiff*

# IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| In re: <br><br> VERDUGO ENTERPRISES, LLC *aka* VERDUGO GIFT COMPANY, <br><br> Debtor. | (Chapter 7 Case) <br><br> Case No. 2:17-bk-04370-BKM <br><br> *Adv. No.* <br><br> **COMPLAINT** |
| LYNTON L. KOTZIN, CHAPTER 7 TRUSTEE, <br><br> Plaintiff, <br><br> vs. <br><br> AMAZON CAPITAL SERVICES, INC., an Arizona Foreign For-Profit (Business) Corporation, AMAZON SERVICES, LLC, an Arizona Foreign Limited Liability Company, AMAZON.COM SERVICES, INC., an Arizona Foreign For-Profit (Business) Corporation, AMAZON.COM, INC., a Delaware Corporation, AMAZON PAYMENTS, INC. an Arizona Foreign For-Profit (Business) Corporation, <br><br> Defendants. | **COUNT ONE:** <br> **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(A), 550 and 551** <br><br> **COUNT TWO:** <br> **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 548(a)(1)(B), 550 and 551** <br><br> **COUNT THREE:** <br> **AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS PURSUANT TO 11 U.S.C. §§ 544, 550, 551 and A.R.S. § 44-1001 et seq.** <br><br> **COUNT FOUR:** <br> **AVOIDANCE AND RECOVERY OF POST PETITION TRANSFERS PURSUANT TO 11 U.S.C. §§ 549, 550, 551** <br><br> **COUNT FIVE**: **AVOIDANCE AND RECOVERY OF PREFERNTIAL TRANSFERS PURSUANT TO 11 U.S.C. §§547 & 550** <br><br> **COUNT SIX: CONVERSION OF COLLATERAL** <br><br> **COUNT SEVEN:** <br> **REPLEVIN** |

Lynton L. Kotzin, Chapter 7 Trustee and Plaintiff ("**Plaintiff**"), by and through his counsel,

Lane & Nach, P.C., for his Complaint against AMAZON CAPITAL SERVICES, INC., AMAZON SERVICES, LLC, AMAZON.COM SERVICES, INC., AMAZON.COM, INC., and AMAZON PAYMENTS, INC., collectively "**Amazon**" or "**Defendants**", respectfully alleges as follows:

## JURISDICTION AND VENUE

1. This case was commenced by an involuntary Chapter 11 petition filed by approximately eighteen creditors ("**Petitioning Creditors**") of Verdugo Enterprises, LLC aka Verdugo Gift Company ("**Debtor**") on April 22, 2017 ("**Petition Date**"), an Order for Relief was signed on October 4, 2017, and then this case was converted to Chapter 7 on May 25, 2018 ("**Conversion Date**").This Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 1334(b) and 157(b).

2. This proceeding arises in and is related to the proceeding commenced under Chapter 11 of Title 11 of the United States Code; and, converted to Chapter 7 of Title 11 of the United States Code.

3. Plaintiff consents to the jurisdiction of this Court pursuant to Fed.R.Bankr.P. 7008.

4. Venue is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

5. Pursuant to Fed.R.Bankr.P. 7001, a proceeding to recover money or property is governed by Part VII of the Federal Rules of Bankruptcy Procedure.

6. Plaintiff is the duly appointed and acting Chapter 7 Trustee.

7. Upon information and belief, Amazon Capital Services, Inc., is an Arizona foreign for-profit (Business) corporation doing business in the State of Arizona.

8. Upon information and belief, Amazon Services, LLC, is an Arizona foreign limited liability company doing business in the State of Arizona.

9. Upon information and belief, Amazon.com Services, LLC, is an Arizona foreign for-profit (Business) corporation doing business in the State of Arizona.

10. Upon information and belief, Amazon.com, Inc., is a Delaware corporation doing business in the State of Washington.

11. Upon information and belief, Amazon Payments, Inc., is an Arizona foreign for-profit (business) corporation doing business in the State of Arizona.

12. All acts giving rise to the cause of action in this Complaint occurred or caused events to occur in the State of Arizona.

## FACTUAL BACKGROUND

13. At all times relevant, Isaias Verdugo ("**Mr. Verdugo**") was the manager and sole member of Verdugo Enterprises, LLC aka Verdugo Gift Company ("**Debtor**").

14. Upon information and belief, from approximately June 2006 to the Petition Date, the Debtor's day-to-day operations included the retail sale of home décor products.

15. Upon information and belief, prior to the Petition Date, Debtor solicited business investments and loans from various individuals and entities including Defendants.

16. Upon information and belief, Debtor and Defendant Amazon Capital Services, Inc., entered into an Agreement and Defendant Amazon Capital Services, Inc., loaned Debtor approximately $597,000.00 (the "**Loan**").

17. The Agreement identifies the Debtor as the "borrower" and Defendant Amazon Capital Services, Inc., as the "lender".

18. Pursuant to the Agreement, the Debtor, through automatic deductions from its Amazon Seller Account, was to remit interest payments in the amount of $42,532.92 within 12 months of the loan.

19. Upon information and belief, the Debtor utilized the Loan to pay earlier loans from other creditors / investors acquired by the Debtor.

20. Upon information and belief, the Debtor, solicited approximately $11,000,000 in loans from creditors / investors prior to the Petition Date.

21. Thus, based on the facts known and believed by the Plaintiff to be true, the Debtor was involved in a "Ponzi Scheme":

> A Ponzi scheme is generally understood as a multi-client investment arrangement executed over time, in which initial investors' infusions are wrongfully siphoned off, the fund never maintains enough cash to meet all its obligations, and the earlier clients' realization on investment is funded by later clients' infusions." *In re Nation–Wide*

*Exchange Servs., Inc.,* 291 B.R. 131, 148–149 n. 20 (Bankr. D. Minn.2003) (citing In re Indep. Clearing House Co., 41 B.R. 985, 994 n. 12 and 998–1005 (Bankr. D. Utah 1984)). *See also In re Armstrong,* 285 F.3d 1092, 1093 n. 3 (8th Cir. 2002) ("In a Ponzi scheme, the operator promises investors returns on their investment which the operator intends to pay from funds provided by new investors, rather than from profits generated by the underlying business venture...."); *In re Agric. Research and Tech. Group, Inc.,* 916 F.2d 528, 531 (9th Cir.1990) (citing *Cunningham v. Brown,* 265 U.S. 1, 44 S.Ct. 424, 68 L.Ed. 873 (1924), the seminal court opinion that treated the consequences of the failed investment-based scheme purveyed by one Charles Ponzi).

*In re Polaroid Corp.*, 472 B.R. 22, 33 (Bankr. D. Minn. 2012).

22. Upon information and belief, the Debtor did *not* generate any profits during the time in which it was soliciting investments or loans.

23. Upon information and belief, Defendants are the direct recipients of transfers from the Debtor; alternatively, the Defendants benefited from the pre-petition transfers remitted by the Debtor.

24. The Ponzi Scheme Presumption applies in cases where, as here, a transfer was used to perpetuate a Ponzi Scheme or was necessary to the continuance of the scheme. *In re Bayou Group, LLC*, 362 B.R. 624, 633-634 (Bankr. S.D.N.Y. 2007).

## COUNT 1 – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS

### (11 U.S.C. §§ 548 (a)(1)(A), 550, and 551)

25. Plaintiff hereby repeats, reiterates, and realleges all of the foregoing allegations As if more fully set forth herein.

26. Pursuant to 11 U.S.C. § 548(a)(1)(A), the transfer of an interest of the debtor in property that is made within two years prior to the commencement of the bankruptcy case is actually fraudulent if the transfer was made with the actual intent to hinder, delay, or defraud any entity to which the debtor was or became obligated to, on or after the date of the transfer.

27. Upon information and belief, during the two (2) years immediately preceding the Petition Date, Defendants may have been the recipients of other transfer(s) from the Debtor (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers which are also included. To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

28. Upon information and belief, Defendants received certain transfers from the Debtor during the two (2) years immediately prior to the Petition Date ("**2 Year Transfers**").

29. Upon information and belief, the Defendants alternatively benefitted from the 2 Year Transfers to third parties.

30. Debtor was aware of its outstanding obligations and the 2 Year Transfers to the Defendants were made with the intent to hinder, delay, or defraud the legitimate creditors of this Estate.

31. All 2 Year Transfers the Defendants directly received, or benefited from, during the two (2) years immediately prior to the Petition Date qualify as voluntary or involuntary "transfer" as defined in 11 U.S.C. § 101(54).

32. Upon information and belief, Defendants were both the initial transferees and the mediate or immediate transferees of the 2 Year Transfers that were originally in the possession and control of the Debtor.

33. The 2 Year Transfers constitute transfers of interests of the Debtor pursuant to 11 U.S.C. § 548(a)(1).

34. Upon information and belief, the 2 Year Transfers were made with property of the Debtor.

35. Upon information and belief, the Ponzi Scheme Presumption arises as to the 2 Year Transfers, and therefore the 2 Year Transfers were made with the actual intent to hinder, delay or defraud Debtor's creditors pursuant to 11 U.S.C. § 548(a)(1)(A).

36. Plaintiff may recover the equivalent value of the 2 Year Transfers from Defendants as the beneficiaries and initial transferees of the 2 Year Transfers pursuant to 11 U.S.C. §550.

37. Pursuant to 11 U.S.C. § 551, upon avoidance, the 2 Year Transfers are preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

A. Determining that the Ponzi Scheme Presumption applies and avoiding the 2 Year Transfers pursuant to 11 U.S.C. §548(a)(1)(A);

B. Directing Defendants to turn over an amount to be proven at trial pursuant to 11 U.S.C. §550;

C. Preserving the 2 Year Transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §551;

D. For interest on said sum from the earliest date allowed by law until paid at the highest rate allowed by law;

E. For Plaintiff's reasonable costs incurred herein;

F. For Plaintiff's attorneys' fees incurred herein; and

G. For such other and further relief this Court deems just and proper.

**COUNT II – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS**

**(11 U.S.C. §§548(a)(1)(B), 550, and 551)**

38. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

39. In the alternative, pursuant to 11 U.S.C. § 548(a)(1)(B), a transfer of an interest of the Debtor in property that is made within two years prior to the commencement of the bankruptcy case is constructively fraudulent if the debtor received less than equivalent value for the property transferred and the debtor was or became insolvent at the time of the transfer.

40. Debtor's voluntary or involuntary transfers of property or an interest in property to Defendants constitute "transfers" as defined in 11 U.S.C. § 101(54).

41. The 2 Year Transfers constitute transfers of an interest of the Debtor pursuant to 11 U.S.C. § 548(a)(1).

42. Upon information and belief, Debtor received no value, or less than reasonably equivalent value, in exchange for the 2 Year Transfers.

43. Pursuant to Debtor's Schedules of Assets and Liabilities, it had assets in the amount of $380,818.52 and liabilities in the amount of $8,202,615.58 on the Petition Date.

44. Plaintiff therefore alleges that Debtor was insolvent when the 2 Year Transfers were made or became insolvent as a result of the 2 Year Transfers pursuant to 11 U.S.C. § 548(a)(1)(B).

45. Plaintiff may recover the equivalent value of the 2 Year Transfers from Defendants as the initial transferees and beneficiaries of the 2 Year Transfers pursuant to 11 U.S.C. § 550.

46. Pursuant to 11 U.S.C. §551, upon avoidance of the 2 Year Transfers, the avoided transfers are preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally, as follows:

    A. Avoiding the 2 Year Transfers pursuant to 11 U.S.C. § 548 (a)(1)(B);

    B. Directing Defendants to turn over the equivalent value of the 2 Year Transfers in the amount of not less than an amount to be proven at trial pursuant to 11 U.S.C. § 550;

    C. Preserving the 2 Year Transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §551;

    D. For interest on said sum from the earliest date allowed by law and until paid at the highest rate allowed by law;

    E. For Plaintiff's reasonable costs incurred herein;

    F. For Plaintiff's attorneys' fees incurred herein; and

    G. For such other and further relief as this Court deems just and proper.

## COUNT III – AVOIDANCE AND RECOVERY OF FRAUDULENT TRANSFERS
### (11 U.S.C. §§ 544, 550, 551 AND A.R.S. § 44-1001 ET SEQ.)

47. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

48. Pursuant to 11 U.S.C. § 544(b), Plaintiff may avoid certain transfers of interests of the debtor in property or certain obligations incurred by the debtor that are avoidable under applicable state law.

49. Upon information and belief, Defendants were the initial transferees of certain transfers from the Debtor to Defendants during the four (4) years immediately prior to the Petition Date ("**4 Year Transfers**")

50. Pursuant to A.R.S. § 44-1009, Plaintiff may avoid certain transfers made or obligations incurred within four (4) years of the Petition Date.

51. Upon information and belief, during the four (4) years immediately preceding the Petition Date, Defendants may have been the recipient of other transfer(s) from the Debtor (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers which are also included in the 4 Year Transfers. To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

52. The 4 Year Transfers constitute transfers of an interest of the Debtor pursuant to 11 U.S.C. § 101(54) and A.R.S. § 44-1001(9).

53. Pursuant to Debtor's Schedules of Assets and Liabilities, it had assets in the amount of $380,818.52 and liabilities in the amount of $8,202,615.58 on the Petition Date.

54. Plaintiff therefore alleges that Debtor was insolvent when the 4 Year Transfers were made or became insolvent as a result of the 4 Year Transfers pursuant to A.R.S. § 44-1002.

55. Upon information and belief, the 4 Year Transfers were outside of scope and purpose of the formation of the Debtor and solicitation of investments.

56. Upon information and belief, the Ponzi Scheme Presumption arises as to the 4 Year Transfers and therefore the 4 Year Transfers were made with the actual intent to hinder, delay or defraud Debtor's creditors pursuant to A.R.S. § 44-1004.

57. Upon information and belief, Debtor received no value or less than reasonably equivalent value for the 4 Year Transfers pursuant to A.R.S. § 44-1004 and 1005 and Debtor either (a) was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction, or (b) intended to incur, or believed or reasonably should have believed that it would incur, debts beyond its ability to pay as they became due.

58. Plaintiff may recover the equivalent value of the 4 Year Transfers from Defendants as the initial transferees and beneficiaries of the 4 Year Transfers pursuant to 11 U.S.C. § 550.

59. Pursuant to 11 U.S.C. § 551, upon avoidance the 4 Year Transfers are preserved for the benefit of the Estate.

WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally, as follows:

    A. Avoiding the 4 Year Transfers pursuant to 11 U.S.C. § 544 and A.R.S. § 44-1001;

    B. Directing Defendants to turn over the equivalent value of the 4 Year Transfers in an amount to be proven at trial pursuant to 11 U.S.C. § 550;

    C. Preserving the 4 Year Transfers for the benefit of the bankruptcy estate pursuant to 11 U.S.C. §551;

    D. For interest on said sum from the earliest date allowed by law and until paid at the highest rate allowed by law;

    E. For Plaintiff's reasonable costs incurred herein;

    F. For Plaintiff's attorneys' fees incurred herein; and

    G. For such other and further relief as this Court deems just and proper.

## COUNT IV – AVOIDANCE OF POST-PETITION TRANSFERS
## (11 U.S.C. §§549, 550 & 551)

60. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

61. Upon information and belief, at all times relevant, Verdugo Enterprises, LLC, by and through Mr. Verdugo, operated under Amazon seller account sunrisegeneral@amazon ("**Amazon Seller Account**").

62. Upon information and belief, after the Petition Date, Defendants continued to deduct funds from Debtors Amazon Seller Account without authorization by an order of this Court.

63. Upon information and belief, after the Petition Date, Defendants received payments

from the Debtors Amazon Seller Account after the Petition date ("**Post-Petition Transfers**").

64. Upon information and belief, Defendants continue to receive Post-Petition Transfers from the Debtors Amazon Seller Account.

65. The Post-Petition Transfers received by the Defendants are property of the Estate.

66. The Post-Petition Transfers were not authorized by an order of this Court.

67. Pursuant to 11 U.S. §549(a), the Plaintiff may avoid the Post-Petition Transfers of the Estate's interest in the funds because the Post-Petition Transfers occurred after the commencement of the case and were not authorized by the Court and such Post-Petition Transfers are preserved for the benefit of the Estate pursuant to §551.

68. Pursuant to 11 U.S.C. §550, upon avoidance of the Post-Petition Transfers, the value is recoverable by Plaintiff from Defendants.

69. WHEREFORE, Plaintiff prays for a judgment against Defendants, jointly and severally, as follows:

    A. For an Order avoiding the Post-Petition Transfers, preserving the Post-Petition Transfers for the benefit of the Estate and requiring the Defendants to surrender to the Plaintiff the sum equal to the Post-Petition Transfers to be determined at trial;

    B. For interest at the highest rate allowed by law from and after, until paid;

    C. For Plaintiff's reasonable costs incurred herein;

    D. For Plaintiff's attorneys' fees incurred herein, in the minimum amount of $500.00 in the event a default judgment is obtained; and

    E. For such other and further relief as this Court deems just and proper.

### COUNT V - AVOIDANCE AND RECOVERY OF PREFERENTIAL TRANSFERS
### (11 U.S.C. §§547 & 550)

70. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

71. Pursuant to 11 U.S.C. § 547(b), Plaintiff may avoid certain transfers of interest of

the debtor in property or certain obligations incurred within ninety (90) days of the Petition Date.

72. Upon information and belief, within ninety (90) days immediately preceding the Petition Date; Defendants may have been the recipients of other transfer(s) from Debtor (or the benefit of such transfer(s)) by cash, checks, wire transfers or other bank transfers which are preferential Transfers ("**547 Transfers**"). To the extent such additional transfer(s) are discovered the same are incorporated as if more fully set forth herein.

73. The 547 Transfers were made with property of the Debtor and for the benefit of the Defendants.

74. The 547 Transfers each constitutes a "transfer" as defined in 11 U.S.C. § 101(54).

75. Upon information and belief the 547 Transfers were made while Debtor was insolvent pursuant to 11 U.S.C. §547(b)(3) and/or presumed to be insolvent under 11 U.S.C. §547(f).

76. Each of the 547 Transfers were for, or on account of, an antecedent debt of the Debtor pursuant to 11 U.S.C. §547(b)(2).

77. Each of the 547 Transfers occurred within the ninety (90) day period prior to the Petition Date as set forth in 11 U.S.C. §547(b)(4).

78. Pursuant to 11 U.S.C. §547(b)(5), the 547 Transfers enabled Defendants to receive more than they would have received under Chapter 7 of Title 11, United States Code, if the 547 Transfers had not occurred, and if the Defendants had received payment of such debt to the extent provided by Title 11 of the United States Code.

79. Pursuant to 11 U.S.C. §547(b), Plaintiff may avoid the aforementioned 547 Transfers.

80. Pursuant to 11 U.S.C. §550, upon avoidance of the 547 Transfers, Plaintiff is entitled to an Order of this Court requiring the Defendants to turn over the amounts received to Plaintiff.

81. Pursuant to 11 U.S.C. § 551, upon avoidance, the 547 Transfers are preserved for the benefit of the Estate.

82. Pursuant to section 550 of the Bankruptcy Code, the Trustee is entitled to recover the value of the 547 Transfers from Defendant.

WHEREFORE, Plaintiff prays for judgment against Defendants, jointly and severally, as follows:

    A. For an Order avoiding the aforementioned 547 Transfers pursuant to 11 U.S.C. §547, preserving the 547 Transfers for the benefit of the Estate and requiring the Defendants to surrender to the Plaintiff the sum equal to the 547 Transfers to be determined at trial;

    B. For interest at the highest rate allowed by law from and after, until paid;

    C. For Plaintiff's reasonable costs incurred herein;

    D. For Plaintiff's attorneys' fees incurred herein, in the minimum amount of $500.00 in the event a default judgment is obtained; and

    E. For such other and further relief this Court deems just and proper.

### COUNT VI – CONVERSION OF COLLATERAL

83. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

84. On or about February 15, 2018, the Court entered an *Order Approving Trustee's Motion for Order (1) Authorizing Sale of Estate Property Free and Clear of Liens; and (2) Approving Sale and Bidding Procedures* ("**Order**").

85. On or about April 10, 2018, this Court entered into an *Order Approving Disposition of Estate Property*.

86. The Estate has a first priority lien on any and all Debtor inventory and all proceeds thereof "**Collateral**".

87. Defendants have knowledge that any and all Debtor inventory and proceeds thereof is Collateral and belongs to the Estate.

88. On or about June 27, 2018, Plaintiff's attorneys sent a letter to Defendants demanding a freeze on any and all accounts Amazon Seller Accounts and to retain any and all

funds and proceeds from the sale of the Collateral by Defendants "**Demand**").

89. Notwithstanding the Order and the Demand, Defendants failed to freeze any and/or all Amazon Seller Accounts of the Debtor and failed to retain any and/or all funds and proceeds from the sale of the Collateral.

90. Upon information and belief, Defendants continue to allow Debtor to sell Collateral from Amazon distribution centers.

91. Upon information and belief, Defendants continue to distribute funds and proceeds from the sale of the Collateral to Debtor or third parties.

92. Upon information and belief, Defendants continue to retain funds and proceeds from the sale of the Collateral for their own benefit.

93. Upon information and belief, Defendants acted willfully and maliciously by transferring funds and proceeds from the sale of the Collateral to Debtor or third parties.

94. Upon information and belief, Defendants acted willfully and maliciously by retaining funds and proceeds from the sale of the Collateral for their own benefit.

95. Plaintiff and the Estate has suffered financial harm as a result of Defendants failure to freeze any and all accounts of Debtor and retain any and all funds and proceeds from the sale of the Collateral.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

   A. Finding that Defendants converted Plaintiff's collateral;
   B. Finding that Plaintiff was damaged by Defendants conversion
   C. Awarding Plaintiff compensatory damages in an amount to be determined at trial, but in the minimum of the amount as stated in the contract;
   D. For Plaintiff's reasonable attorneys' fees and costs;
   E. For statutory and taxable costs, including filing fee and service fees and other costs as allowed by the Loan Documents;
   F. For interest at the highest rate allowed by law from the earliest date allowed by law; and

G. For such other and further relief as this Court deems just and proper.

## COUNT VII – REPLEVIN

### [DEFENDANTS JOINTLY AND SEVERALLY]

96. Plaintiff hereby repeats, reiterates and realleges all of the foregoing allegations as if more fully set forth herein.

97. Plaintiff, as the Trustee of the related administrative estate, has a valid lien on the Collateral transferred to Debtor by and through the approved Order as stated above.

98. Plaintiff through his attorneys, made a demand on Defendants for payment or delivery of the Collateral.

99. Upon information and belief, Defendants have failed and refused to surrender the Collateral or the proceeded thereof to Plaintiff.

100. Upon information and belief, Defendants have failed and refused to allow Plaintiff to inspect and appraise such Collateral in Defendants possession.

101. Upon information and belief, Defendants are wrongfully detaining said Collateral from the Plaintiff.

102. Upon information and belief, the Collateral has not been seized under any process, execution or attachment against the property of Debtor pursuant to the Order.

103. Plaintiff is entitled to receive, and Defendants are required to return all Collateral in their possession.

104. Plaintiff is entitled to receive, and Defendants are required to provide an accounting of any Collateral liquidation or Collateral sold from the date of the Order through and including the present.

105. Plaintiff is entitled to receive and Defendants are required to turnover any funds Defendants have collected from the sale of the Collateral from the date of the Order through and including the present.

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

A. That this Court determine that Plaintiff is entitled to immediate accounting

      of any Collateral sold by Defendants from the date of the Order through and including the present;

B.     This Court determined that Plaintiff is entitled to receive and Defendants are required to turnover any funds Defendant has collected from the sale of the Collateral from the date of the Order through and including the present;

C.     That this Court determine that Plaintiff is entitled to the immediate possession of the Collateral, without right or claim of Defendants therein;

D.     For judgment in favor of Plaintiff and against Defendants which provides that Plaintiff is, and was at the time of the filing of this Complaint and Application, entitled to the immediate possession of the Collateral;

E.     For Plaintiff's reasonable attorneys' fees and costs incurred herein pursuant to §§12-341 and 12-341.01 as this matter arises from contract; and,

F.     For such other and further relief as the Court deems just and proper.

RESPECTFULLY SUBMITTED this 3rd day of October, 2019.

**LANE & NACH, P.C.**

By: */s/ Adam B. Nach - 013622*
    Adam B. Nach
    *Attorneys for Plaintiff*